IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| TRUMBULL INSURANCE COMPANY,<br>    *Plaintiff*,<br><br>    v.<br><br>INTERNATIONAL MARKETING GROUP, INC., et al.<br>    *Defendants* | Action No. 21-CV-2855-ABA |

## MEMORANDUM OPINION

Plaintiff Trumbull Insurance Company ("Trumbull") filed this subrogation action against Defendants (identified below) after Intervenor Plaintiff Taivon Giles, who worked for a Trumbull insured, Wireless Buybacks Inc., was injured in an automobile accident. The parties reached a settlement, with Trumbull recovering its lien, approximately $5.35 million, and Giles recovering approximately $650,000. But there remains a dispute over Giles's attorney's fee, specifically (a) whether Giles's counsel's contingency fee should be calculated based on the full $6 million settlement or limited to a percentage of the $650,000 that Giles recovered; and (b) if the former, what portion of the fee must be paid by Trumbull. (There is no dispute as to Trumbull's counsel's fees; Trumbull hired them on an hourly basis.) As discussed below, deciding those issues requires deciding a threshold legal issue with no statutory or case law on point, which the Court thus, by separate order, is certifying to the Supreme Court of Maryland (which the Supreme Court may of course reformulate as appropriate):

> In a case in which (a) an employee was injured on the job and filed for workers' compensation benefits, (b) the employer's workers' compensation insurer filed a third-party action pursuant to Md. Code Ann., Lab. & Empl. § 9-902(a), (c) the employee, through separate counsel, subsequently intervenes with consent in that third-party

>    action, and (d) there is a negotiated global settlement, may the employee's counsel recover fees and costs from the employer's worker's compensation lien recovery and, if so, how are those fees to be calculated in light of the employer's hourly fee agreement with its counsel and the employee's contingency fee agreement with his counsel?

## I.     BACKGROUND

The Court will describe the factual background of the dispute in order to properly frame the questions and to provide "the relevant facts from which the question[s] arise[]." Md. Rule 8-305. On January 21, 2021, Giles was injured in an automobile accident. A truck that was allegedly driven by Defendant David Marler and owned by Defendant Cumberland International Trucks Inc., and leased to Defendant International Marketing Group. Inc. "on behalf of [Defendant] FedEx," collided with the car Giles was driving. ECF No. 6 ¶ 1. At the time, Giles was working for Wireless Buybacks, whose workers' compensation insurer was Trumbull.

On March 22, 2021, Giles filed a workers' compensation claim with the Maryland Workers' Compensation Commission. Prior to Giles filing his claim, Trumbull had agreed to make temporary total disability payments to Giles beginning January 28, 2021, with its first payment on February 10, 2021. The Workers' Compensation Commission did not issue its initial award to Giles until March 19, 2024, after this case was settled. ECF No. 83-4.

On June 3, 2021, while the workers' compensation claim was pending, Trumbull filed this subrogation action seeking reimbursement from Defendants of the money it had paid in workers' compensation benefits arising from Giles's injuries. ECF No. 6. In March 2022, Giles's individual counsel, on behalf of Giles, filed a consent motion to intervene, which the Court granted after finding good cause. ECF No. 36. In his intervenor complaint, Giles brought claims parallel to those that Trumbull had brought, but specifically sought additional recovery in tort—beyond his workers' compensation benefits—because Defendants were third parties whose

liability was not subject to workers' compensation caps. From that point forward, both Giles and Trumbull were represented by separate counsel in this third-party suit.

On October 24, 2023, Trumbull and Giles settled the underlying workers' compensation claim between themselves for an annuity cost of $4,154,500.73. Trumbull's lien, as of November 13, 2023, was $5,344,194.91, comprising the amount Trumbull had paid in workers' compensation benefits and associated costs as of that date. On December 19, 2023, Trumbull and Giles reached a complete settlement with Defendants in this case for $5,994,196.66, with Trumbull receiving its lien amount ($5,344,194.91) and the remainder (approximately $650,000) going to Giles. Trumbull had engaged counsel in this case under an hourly fee arrangement, which it contends "mitigate[d] its attorney fee exposure." ECF No. 84 at 14. Giles retained his counsel under a contingent fee arrangement. This has raised the overarching issue remaining in this case: what, if any, payment of fees Trumbull owes Giles's counsel pursuant to Md. Code Ann., Lab. & Empl. § 9-902. The Court held a telephonic conference on January 10, 2024, and an in-person hearing on May 10, 2024. *See* ECF Nos. 72-73 & 78-79. On July 9, 2024, this Court dismissed the underlying causes of action in light the parties' settlement, but retained jurisdiction over the fee dispute pursuant to *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375 (1994), and 28 U.S.C. § 1367. ECF No. 82. The Court also ordered Trumbull and Giles to file briefs on the fee issue and whether the question should be certified to the Supreme Court of Maryland.

The parties have filed their briefs, ECF Nos. 83, 84 & 85. On the question whether to certify, although the parties had previously jointly proposed certification, ECF Nos. 74 & 76, Giles now asserts "there is no need to certify a legal question to the Supreme Court of Maryland," ECF No. 83 at 1, and Trumbull contends that it is "no longer strongly advocating for a certification order" and is "comfortable leaving that decision to the sound discretion of this

3

Court," ECF No. 84 at 21. As explained below, however, the Court concludes that because the case presents several pure questions of undecided Maryland law, certification is appropriate.[1] On October 22, 2024, the Court informed the parties of its intention to certify question(s) to the Supreme Court and solicited comments from the parties on the proposed questions. ECF No. 86. The parties provided comments that the Court has considered. ECF Nos. 87-88.

On the merits of the fee dispute, Giles's counsel contends that his contingent fee should be calculated as a percentage of the full $6 million settlement, not just Giles's $650,000 portion. *See, e.g.*, ECF No. 83 at 10-11. He further contends that Trumbull "is required to pay" the bulk of his fee "pursuant to Md. Code Ann., Lab & Empl. § 9-902(f)," ECF No. 83 at 1, and that the amount Trumbull should be required to pay must be determined "in proportion to the amount it received in the settlement of this matter minus any percentage of the work performed by Trumbull's counsel that actually aided in accomplishing the Plaintiffs' settlement." ECF No. 85 at 19.

Trumbull, however, asserts that it should "retain[] its full lien amount realized in settlement," and Giles's counsel's fee is limited to a portion of Giles's $650,000 recovery in such percentage "consistent with his fee agreement with Mr. Giles." ECF No. 84 at 21. (As noted above, the parties agreed that the bulk of the $6 million settlement would reimburse Trumbull for the workers' compensation benefits it had paid, but the settlement agreement did not address

---

[1] Giles argues that before certifying the questions to the Supreme Court of Maryland, this Court should first hold a fact-finding hearing and determine the percentage of work Trumbull's and Giles's counsel performed that contributed to the settlement. The Court concludes that such an evidentiary hearing, if necessary, should be conducted after the Supreme Court answers the certified question (or reformulated versions of the certified question). Holding a hearing now pre-supposes that the Supreme Court will find such apportionment appropriate in this situation, and in any event would not alter the threshold legal questions presented by the fee dispute.

whether some of the roughly $5.35 million that Trumbull recovered as reimbursement of its benefit payments would need to be shared with Giles's counsel as fees.) As the subrogation specialist who handled the claim for Trumbull put it, he hired Trumbull's counsel on an hourly basis, and arranged for the filing of Trumbull's claim "in advance of any claim filed by Mr. Giles," with the goal of "avoid[ing] a contingency fee payment for the recovery of the employer's statutory lien." ECF No. 84-10 ¶¶ 7-10.

## II.    STATUTORY FRAMEWORK

The Maryland Workers' Compensation Act ("MWCA") requires employers to pay workers' compensation benefits to employees who suffer accidental personal injuries in connection with their employment, regardless of the employer's fault. Md. Code Ann., Lab. & Empl. § 9-501(b). When a third party has caused the injury, the MWCA provides the employer (if self-insured) or its insurer the right to sue the third party to recover the value of the workers' compensation benefits paid to the employee for the injury. *Id.* §§ 9-901(2), 9-902(a).

Section 9-902 of the MWCA sets forth a framework when a party that has paid workers' compensation benefits—such as an insurer like Trumbull—brings "an action for damages against the third party who is liable for the injury or death of the covered employee." *Id.* § 9-902(a). If the party "recovers damages exceeding the amount of compensation paid or awarded and the amount of payments for medical services, funeral expenses," it may "deduct from the excess amount its costs and expenses for the action" but then must "pay the balance of the excess amount to the covered employee or, in case of death, the dependents of the covered employee."

5

*Id.* § 9-902(b).[2] If the party "does not bring an action against the third party within 2 months after the Commission makes an award, the covered employee or, in case of death, the dependents of the covered employee may bring an action for damages against the third party." *Id.* § 9-902(c).[3] The statute also provides direction where "the covered employee or the dependents of the covered employee" have "recover[ed] damages" after bringing an action, specifically that the employee or dependents may "deduct the costs and expenses of the covered employee or dependents for the action," then may "keep" amounts remaining after reimbursing the employer or insurer for compensation or other amounts already paid or awarded. *Id.* § 9-902(e). And in actions "brought" by a covered employee or dependents, the statute provides that "court costs and attorney's fees" shall be paid "in the proportion that the amount received by each bears to the whole amount paid in settlement of any claim or satisfaction of any judgment obtained in the case." *Id.* § 9-902(f).

Under an earlier version of section 9-902, the Supreme Court of Maryland (then the Court of Appeals) held in *Barrett v. Indemnity Insurance Co. of North America*, 152 Md. 253 (1927), "that the employer or his insurance carrier was not liable, under the then existing statute, to pay counsel fees or any part thereof incurred by the employee." *Metz v. Fireman's Fund Ins. Co.*, 15 Md. App. 179, 183 (1972). In light of *Barrett*, "the Legislature[,] with the obvious intent to make the employer or his insurance carrier liable for a share of the counsel fees incurred by

---

[2] It appears from the record that Trumbull did not seek an award in excess of its lien and it has not sought to deduct its attorneys' fees from Giles's $650,000 portion of the settlement. Thus § 9-902(b) does not appear to be at issue here.

[3] In this case, for reasons unknown, the Worker's Compensation Commission did not issue an award until after the case was settled. Giles initially argued that Trumbull was not permitted to file this suit until after the Commission issued an award, and that filing before the award was "in violation of the law." ECF No. 83 at 19. Giles has since abandoned that argument. ECF No. 87.

the employee," amended the statute to add what is now section 9-902(f). *Id.* Under subsection (f), as noted above, when the employee files the suit against the third-party, the employee and the insurer pay their portion of the legal costs and fees in proportion to the percentage of the award they each received. Md. Code Ann., Lab. & Empl. § 9-902(f). This subsection explicitly applies only to "an action brought by a covered employee or the dependents of the covered employee." *Id.* The statute does not expressly address allocation of legal fees when the insurer was the party to initiate the lawsuit, as here. *See id.* § 9-902(c) (providing that if the insurer *does not file* an action, the employee "may bring an action for damages against the third party") (emphasis added); *id.* § 9-902(f) (describing how to apportion attorneys' fees "[i]n an action brought by a covered employee . . . *under subsection (c)* of this section") (emphasis added).

      Thus, under section 9-902(a) & (b), when the insurer brings the action and obtains an award, it first recoups the amounts it paid in worker's compensation, then, if any funds remain, pays the litigation costs, and then must provide any surplus to the employee. Here, while Trumbull, the insurer, brought the action, it only pursued its subrogation claim. *See* ECF No. 6 at ¶¶ 30, 39, 47, 56 (seeking to recover from Defendants the amounts Trumbull paid "[a]s the workers compensation carrier" for Giles's employer). Thus there would have been no additional funds that could go towards fees or an additional award to Giles (which is likely why Giles chose to intervene and seek additional recovery).

      But, under sections 9-902(c), (e), and (f), if the employee brings the suit (and not an employer or insurer) and obtains an award, the employee (1) pays the litigation fees, and then (2) remits to the insurer the amount of money it paid as workers' compensation benefits (minus the insurer's share of legal fees that are proportional to its award as described in section 9-902(f), consistent with "the Legislature['s] . . . obvious intent to make the employer or his insurance

carrier liable for a share of the counsel fees incurred by the employee." *Metz*, 15 Md. App. 183), and (3) keeps any remainder.

### III.   DISCUSSION

Certification of a question of state law to the state's highest tribunal is "appropriate" when a federal court is "'required to address a novel issue of local law which is determinative in the case.'" *Gardner v. Ally Fin. Inc.*, 488 F. App'x 709, 712–13 (4th Cir. 2012) (quoting *Grattan v. Bd. of Sch. Comm'rs of Baltimore City*, 805 F.2d 1160, 1164 (4th Cir. 1986)). Under the Maryland Uniform Certification of Questions of Law Act,

> The Supreme Court of Maryland of this State may answer a question of law certified to it by a court of the United States or by an appellate court of another state or of a tribe, if the answer may be determinative of an issue in pending litigation in the certifying court and there is no controlling appellate decision, constitutional provision, or statute of this State.

Md. Code Ann., Cts. & Jud. Proc. § 12-603. Here, the Court is faced with multiple interlocking novel issues with no statutory or case law on point that are determinative to the fee dispute.

Although section 9-902 "provides clear guidance when one attorney effects [a] third party recovery," either for an injured employee, or a workers' compensation payor (such as an employer or insurer), it "does not speak to the situation that arises when the claimant and the insurer are represented by different attorneys in the third party action." *Collins v. United Pacific Insurance Co.*, 315 Md. 141, 146 (1989). The Supreme Court of Maryland has addressed this issue where the *employee* was the party to initially file a lawsuit, paying their counsel pursuant to a contingency fee agreement, and the insurer intervened. *See id.*; *see also Metz*, 15 Md. App.

180.[4] But neither the statute, nor the Maryland appellate decisions arising under it, address the scenario presented in this case: when the *insurer* brings the suit (as opposed to where the employee has "brought" the suit, *see* Md. Code Ann., Lab. & Empl. § 9-902(c) & (f)), paying counsel hourly, and the employee intervenes, paying counsel on a contingency basis.

In *Collins*, after receiving workers' compensation benefits, the injured employee sued the third-party tortfeasor. 315 Md. at 143. About one month before the trial, the insurer joined as a plaintiff, and the insurer's counsel entered their appearance. *Id.* A trial resulted in separate judgments for the employee and the insurer. *Id.* The plaintiffs, however, had different ideas about from which judgment the employee's attorneys' fees should be taken. *Id.* at 143-44. The employee "contend[ed] that the insurer's recovery must be reduced by one-third to satisfy the attorney's fee the [employee] paid to his attorney, and must also be reduced by one-half of the costs and expenses necessarily incurred in the successful prosecution of the action." *Id.* at 144. "The insurer contend[ed] that no deduction should be made from its share of the recovery" because "the insurer hired and paid its own attorney in connection with the action." *Id.*

In light of what is now section 9-902(f), the *Collins* court held that "[t]he party bringing the suit is entitled to have the other party, which has benefited from the suit as a co-plaintiff (albeit initially a reluctant one), contribute its share of attorney's fees and court costs." *Id.* at 149 (quoting *Thomas v. Aetna Cas. & Sur. Co.*, 473 F.2d 164, 166 (D.C. Cir. 1972)). "[U]nless the insurer is able to demonstrate that good cause existed to justify the intervention and active participation of its attorney in the action, the insurer should expect to bear the expense of its own attorney and therefore receive no credit against the statutory apportionment of the claimant's

---

[4] Both of these cases actually address section 9-902's predecessor, section 58 of Article 101 of the Maryland Code. Section 9-902, however, does not materially differ from section 58.

attorney's fees." *Id.* at 151. It further held, however, that if the employee invites the insurer's attorney to participate in the litigation or "the insurer has good and demonstrable cause to believe that its interests will not be adequately protected unless it intervenes in the action, it should be entitled to a credit for the reasonable value of the services of its attorney required to protect those interests." *Id.* at 152. But "[e]ven when circumstances demonstrate the necessity of intervention by the insurer and separate representation by its attorney, the insurer will be entitled to credit only for the services of its attorney reasonably required to protect its interests." *Id.* at 152-53. In that particular case, "[a] further adjustment of the apportioned attorney's fees . . . was required to reflect the reasonable value of the services required of the insurer's attorney." *Id.* at 155.

The *Metz* case, 15 Md. App. 179, on which *Collins* relied, involved a similar fact pattern: the employee initiated the suit and later named the insurance company as an additional plaintiff. *Id.* at 180. As in *Collins* and in this case, both plaintiffs had their own counsel. *Id.* at 183. The *Metz* court concluded that the "total fee payable on the combined judgments" must be apportioned based on the respective "fair and reasonable worth" of the services of the employee's and insurer's counsel. *Id*. at 185. "In other words, the trial judge will determine what percentage of the total fee payable on the combined judgments the respective attorneys are entitled to receive based on their respective efforts and contributions to the total legal services rendered and the results achieved." *Id.*

Neither the statute, nor *Metz* or *Collins*, squarely guide this Court on whether, under section 9-902 or otherwise, Giles's counsel is entitled to recover, as fees, a portion of Trumbull's $5.35 million settlement; and whether, if Giles's counsel is entitled to a portion of Trumbull's recovery, the amount of that recovery is to be determined by (a) the ratio between Trumbull's settlement and Giles's settlement, (b) the value of the work performed by Trumbull's counsel and

Giles's counsel, or (c) some other metric. Because each of these questions are matters of Maryland law, the Court concludes they should be certified to the Supreme Court of Maryland.

A separate order certifying the questions follows.

Date: November 12, 2024                                    /s/
                                                    Adam B. Abelson
                                                    United States District Judge